UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**NORMA RODRIGUEZ, et al.,**
        **-Plaintiff**


    **-v-**                                    CIVIL 3:05CV01687(CFD)(TPS)


**FOLKSAMERICA REINSURANCE
COMPANY, et al.,**
        **-Defendants**


**<u>RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFFS'
         MOTION FOR CONTEMPT, SANCTIONS, FEES AND COSTS</u>**

Pending before the court is defendants' motion for protective order **(Dkt. #19)** and plaintiffs' motion for contempt, sanctions, fees and costs **(Dkt. #20)**. The defendants, Folksamerica Reinsurance Company, Folksamerica Holding Company, White Mountains Reinsurance Group, and White Mountains Insurance Group, request that the court issue a protective order prohibiting the plaintiff from taking the deposition of David Foy ("Foy"), the Chief Financial Officer of White Mountain Re Group, Ltd. The plaintiffs, Norma Rodriguez and Grace Ortega, argue there are no grounds for the protective order sought. Pursuant to Rule 37(a)(4) and 37(d) of the Federal Rules of Civil Procedure, and Rule 37(a)(4) of the Local Rules, plaintiffs move for sanctions. They argue that the defendants, defense counsel, and David Foy should be held in

contempt and that they should be ordered to pay fees and costs related to the subpoena, the deposition, and the motion seeking compliance with the subpoenas.

## I.  STANDARD OF REVIEW

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope and limitations of discovery.  It states, in relevant part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

The liberality of pretrial discovery means there is potential for a discovery request to impinge upon the privacy of a party.  For this reason, courts may issue protective orders which restrict permissible discovery if it would unduly annoy, embarrass or burden the other party.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  Rule 26(c) of the Federal Rules of Civil Procedure states, in pertinent part, that:

> [u]pon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed R. Civ. P. 26(c).

A court is given broad discretion regarding whether to issue a protective order.  Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(grant and nature of protection is singularly within the district court's discretion); Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992)(order regarding sequence of discovery at discretion of trial judge).  That said, a court may issue a protective order only after the moving party demonstrates good cause.  In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).  To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal), No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

## II.  DISCUSSION

### A. Protective Order

Courts occasionally block the depositions of senior corporate officers where it is clear they are not personally familiar with the facts of the case.  Lloyd v. Bear Stearns & Co., No. 99 Civ. 3323 (AGS), 1999 U.S. Dist. LEXIS 15733, at *2-3 (S.D.N.Y. October 8, 1999); See also Consol. Rail Corp. v. Primary Indus. Corp., No. 92 Civ. 4927 (PNL), 92 Civ. 6313 (PNL), 1993 U.S. Dist LEXIS 12600,

at *2-3 (S.D.N.Y. September 10, 1993)(prohibiting the deposition of executives who assert no familiarity with the issues until a showing is made that they have knowledge unique to the case).  To that end, where other witnesses have the same knowledge as that sought from an officer or executive, it may be appropriate to preclude a redundant deposition of that person.  Consolidated, at *3; see also, M. A. Porazzi Co. v. The Mormaclark, 16 F.R.D. 383, 383-84 (S.D.N.Y. 1951)(preventing the deposition of the defendant's vice president where he could contribute nothing beyond that which could be learned from the company's general claims agent).

Although depositions of senior officers *may* at times be barred, top-level executives are not automatically excused from discovery merely because of their elevated position.  That the witness has a busy schedule is not grounds for preventing otherwise proper discovery.  CBS, Inc. v. Ahern, 102 F.R.D. 820, 822 (S.D.N.Y. 1984) (citation omitted).  Further, "a claim that the witness lacks knowledge is subject to testing by the examining party." Consolidated at *1, citing Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 122 (D. Conn. 1974).

Foy's affidavit states, "To the best of my knowledge, I have no information relevant to the subject matter of the present Complaint."  (Foy Aff. 3.)  Despite Foy's purported lack of information concerning the plaintiffs, their termination, or any issue in this case, a deposition is permissible to "test" Foy's

-4-

knowledge.  The deposition is appropriate because Foy's job title suggests he is knowledgeable about both the finances of his own immediate company, White Mountains Insurance Group, Limited, and its subsidiary company, Folksamerica Reinsurance, which is plaintiffs' employer.  The company's financial information is relevant to defendants' claim that the company was suffering a "business downturn" at the time of the plaintiffs' termination, and that the terminations provided defendants with cost-savings. (Pls.' Mem. Opp., 14.)  More specifically, although there may be others who are capable of generally discussing the company's finances, Foy is best positioned to answer questions about public statements he made concerning defendants' financial status and business operations at the relevant time, therefore his deposition is not redundant.

Finally, attendance at a deposition will not cause Foy or the defendants undue burden, embarrassment or annoyance, therefore good cause does not exist for the issuance of a protective order.  One cannot necessarily conclude from the fact that Foy is apparently far removed from the events at issue that the plaintiffs' sole intent in subpoenaing him was to harass and annoy.  In light of the fact that Mr. Foy may have information that could lead to the discovery of admissible evidence, a deposition is permissible to examine the extent of his knowledge.  Defendants' Motion for a Protective Order **(Dkt. #19)** is **DENIED**.

**B.  Contempt, Sanctions, Fees and Costs**

Plaintiffs' Motion for Contempt, Sanctions, Fees and Costs **(Dkt. #20)** are **DENIED**.  At the conclusion of all proceedings, on application, the court will consider the amount of attorney's fees, if any, that should be awarded in connection with this motion.  See Fed. R. Civ. P. 37(a).

### III.  CONCLUSION

Based on the foregoing, both defendants' Motion for Protective Order **(Dkt. #19)** and plaintiffs' Motion for Contempt, Sanctions, Fees and Costs **(Dkt. #20)** are **DENIED**.  This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.   28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 28th day of March, 2006.**

/s/ Thomas P. Smith
**THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE**