UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NORMA RODRIGUEZ, et al.,
          -Plaintiff


          -v-                          CIVIL 3:05CV01687(CFD)(TPS)



FOLKSAMERICA REINSURANCE
COMPANY, et al.,
          -Defendants


## STATUS CONFERENCE ORDER

On May 11, 2006, the Court held a Status Conference in this matter from 10:00am to 2:30pm in an attempt to resolve the numerous pending discovery disputes.  At this conference, counsel for the plaintiffs, attorney Susan V. Wallace, and counsel for the defendant, attorney Patrick Noonan, both presented arguments to the Court relevant to the pending discovery matters.  In accordance with the oral agreement of the parties, the pending discovery motions **(Dkts. #23, 25, 35, 41, 48, and 52)** are **DENIED AS MOOT.**  In addition, the order denying without prejudice [22] Defendant's Motion to Stay **(Dkt. #45)** is **VACATED.**  The following orders reflect the determinations that were made by the Court at the May 11th conference.

## I. STAY

Discovery is stayed as to Folksamerica Holding Company, Inc.,
White Mountains Reinsurance Group, Limited, and White Mountains
Insurance Group, Limited.  Plaintiffs shall proceed with their case
against Folksamerica Reinsurance.  Should plaintiffs receive a
ruling that necessitates action against the other three defendants,
they may move to remove the stay at that time.

## II.  PROTECTIVE ORDERS

The parties have agreed to a bi-lateral protective order.  The
order is as follows:

> ORDER.   All documents produced in the course of this
> litigation shall be kept confidential and shall be destroyed
> within thirty (30) days of its resolution.   In addition, all
> medical records shall be filed under seal, in accordance with
> the requirements of the Health Insurance Portability and
> Accountability Act of 1996 ("HIPAA").

Defendant's counsel also requested a protective order to limit
the breadth of discovery with respect to Folksamerica's financial
data.  Plaintiff's counsel argued that the company's financial
information is relevant to the four reasons Folksamerica gave for
firing plaintiffs, namely (1) that there was a lack of work, (2)
that this area of the company was not profitable, (3) that the
costs of maintaining this segment of the company were too high, and
(4) that they wanted to get rid of their most expensive employees.
Plaintiffs argue that these reasons are pretext for the alleged
discriminatory firings.  The Court found that the financial
information sought was relevant, and refused to issue a protective

order on this matter.

### III.  DEPOSITIONS

Defendant's counsel raised an objection to the deposition of White Mountain Reinsurance Group's Chief Financial Officer, David Foy.  Counsel argued that Mr. Foy is not the CFO of plaintiffs' immediate employer, Folksamerica Reinsurance, and that there are other employees who are capable of answering questions concerning the company's financial status.  Plaintiffs' counsel argued that Mr. Foy is best positioned to answer her questions relevant to the pretext argument.  The Court determined that the deposition of David Foy is appropriate, and shall be permitted.  Defendant's counsel also sought to limit the scope of the subject matters permitted at Mr. Foy's deposition.  The Court reviewed the questions that plaintiffs contemplate posing, and the Court permits them all.

Although the defense represented that their were no objections to the other depositions sought by the plaintiffs, the Court asked the plaintiffs to delineate whom they want to depose.  The list of individuals to be deposed is as follows:

1.   David Foy
2.   Jodi Tripodi
3.   Molly Sanders
4.   Terry Kress
5.   Sophia Aponte
6.   Steve Callahan
7.   Maureen Cunningham
8.   Robert Calantonio
9.   Isabella DeRoy

Finally, the plaintiffs indicated that they may also want to depose several of the plaintiffs' co-workers who are not already listed. The defendants raised no objections to these deponents.

### IV.   INTERROGATORIES & REQUESTS FOR PRODUCTION

Next, the attorneys and the Court reviewed the objections to every interrogatory and request for production.   The Court's resolution of these disputes is as follows.

## Plaintiffs' First Set of Interrogatories

1.   No objection.

2.   Defendant shall disclose the current number of employees for each of the four named defendants.   This will be updated upon request by plaintiff's counsel.

3.   Defendants shall disclose the documents that contain this information.

4.   Defendant shall answer this interrogatory under oath.

5.   Defendant shall respond to this interrogatory.   The response will not be limited to the particular employment division or office at issue, but rather will address the entire company of Folksamerica Reinsurance.   The response will be limited in time from the three (3) years prior to plaintiffs' termination from Folksamerica ReinsuranceÅ.

6.   Defendant shall respond to this interrogatory.   The response will not be limited to the particular employment division or office at issue, but rather will address the entire company of Folksamerica Reinsurance.   The response will be limited in time from the three (3) years prior to plaintiffs' termination from Folksamerica ReinsuranceÅ.

7.   Defendant shall answer this interrogatory under oath.

8.   Defendant shall answer this interrogatory under oath.

9.   No objection.   Defendant represents that this interrogatory has been answered.

-4-

10.  Defendant shall provide a document that sets forth the foregoing information.

11.  Defendant shall answer this interrogatory under oath, to the extent it has not already done so.

12.  This interrogatory shall be answered as to the Human Resources Department.

13.  This interrogatory shall be answered within thirty (30) days of the end of discovery. See Fed. R. Civ. P. 33(c).

14.  This interrogatory shall be answered within thirty (30) days of the end of discovery. See Fed. R. Civ. P. 33(c).

15.  Defendant shall ask Human Resources to provide responsive records beginning three (3) years prior to plaintiffs' termination from Folksamerica Reinsurance. If such records do not exist, defendant shall state as much under oath.

16.  No objection.

## Plaintiff Norma Rodriguez's Revised Second Set of Interrogatories

1.  No objection.

2.  No objection.

3.  Documents and tangible things to be produced in response to this request for production should be produced along with the joint trial memorandum.

4.  Documents and tangible things to be produced in response to this request for production should be produced along with the joint trial memorandum.

5.  Defendant shall ask Human Resources to provide responsive records beginning three (3) years prior to plaintiffs' termination from Folksamerica Reinsurance. If such records do not exist, defendant shall state as much under oath.

## Revised Third Set of Interrogatories

1.  Defendant shall provide a precise response. Defendant

shall not provide plaintiffs with copious amounts of
indecipherable documents containing the company's
financial data. If such information does not exist,
defendant shall state as much under oath.

2.   No objections.

3.   Defendant shall respond to this interrogatory. If no
such information exists, defendant shall state as much
under oath.

4.   No objections.

**Requests for Production, Inspection and Examination**

Counsel for both parties reviewed the Requests for Production
and agreed that there were no outstanding objections for the Court
to address.

### V.   AUTHORIZATIONS

The defendant requested authorizations to access records
concerning plaintiffs' treatment for emotional distress,
plaintiffs' records from subsequent employers and the plaintiffs'
IRS records. The Court shall address each issue in turn.

**Treatment for emotional distress**

The defendant would like an authorization for records from the
plaintiffs' medical care providers concerning any treatment they
have ever received for emotional distress, whether the stress was
due to the actions alleged in this lawsuit or otherwise.
Plaintiff's counsel represented that neither plaintiff ever
received counseling for emotional distress before they were fired
from Folksamerica Reinsurance. Plaintiff's counsel is ordered to

put this statement in writing under oath.

Plaintiff's counsel also objects to giving authorization for the defendant to retrieve plaintiffs' medical records from their medical care providers. She argues that she has all of the relevant documents, and that she can provide them to defendant's counsel herself. Defendant expressed a concern that the medical providers might not understand exactly what type of documents he is seeking, and that he would like the opportunity to work directly with the doctors, instead of through an intermediary. The Court determined that the defendant has a right to access the medical records directly, and orders that the plaintiff shall provide defendant with the necessary authorizations.

**Personnel records from subsequent employers**

The defendant has requested an authorization to retrieve personnel records from the plaintiffs' employers subsequent to being fired from Folksamerica Reinsurance. The plaintiff objected to this request, suggesting that the plaintiffs' current employment could be "tainted" if their current employers discovered that they are suing a former employer.

The Court orders that plaintiff submit the requested authorization to the defendant. Although plaintiffs' concern about the effect this information might have on their current employment is legitimate, the Court finds that the defendant's need for this information to put on a proper defense outweighs plaintiffs' fear

of retaliation.

**IRS records**

Plaintiffs' counsel represented that she already provided the defendant with plaintiffs' W-2 forms.  Defendant's counsel stated that these would be sufficient, and had no further objections.

## VI.  CONCLUSION

This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 15th day of May, 2006.

/s/ Thomas P. Smith
**THOMAS P. SMITH**
**UNITED STATES MAGISTRATE JUDGE**